**IN THE DISTRICT COURT OF ATOKA COUNTY**
**STATE OF OKLAHOMA**

FILED
IN DISTRICT COURT
MAY 06 2025
ATOKA COUNTY, OKLAHOMA
ANGELA NUTTALL, Court Clerk
By_____ Deputy

| | |
|---|---|
| WILLIAM S. SMITH,<br><br>Plaintiff,<br><br>v.<br><br>ALAN KOSINSKI;<br>BTR FREIGHT, INC.; and<br>NATIONAL SPECIALTY INSURANCE<br>COMPANY,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No.<br>) CJ-25-24<br>)<br>)<br>)<br>)<br>) |

## PETITION

Plaintiff alleges and states:

1. Plaintiff William S. Smith ("Smith") is a resident of Michigan.

2. Defendant Alan Kosinski ("Kosinski") is a resident of Illinois.

3. Defendant BTR Freight, Inc. ("BTR") is an Illinois company with its principal place of business at 4728 Oakton Street, Unit 208, Skokie, IL 60076.

4. Defendant Alan Kosinski was an employee of Defendant, BTR Freight, Inc., at the time of the collision.

5. According to the Federal Motor Carrier Safety Administration, Defendant BTR Freight, Inc. is an interstate motor carrier who hauls general freight.

6. Defendant BTR Freight, Inc.'s Department of Transportation (DOT) Number at the time of the collision was No. 3485977.

7. Defendant National Specialty Insurance Company is a Texas-based insurance company with its principal place of business at 1900 Lyndon Don Dodson Drive, Bedford, TX 76021, and can be served through the Oklahoma Insurance Department.


EXHIBIT
1

## Object and Nature of Action

8.    This is an action by Plaintiff to recover damages as a result of the negligence, recklessness and gross negligence in causing a collision near the city of Caney, Atoka County, Oklahoma on May 12, 2023.

9.    Plaintiff also asserts a direct action against the Defendant motor carrier's liability insurer, Defendant National Specialty Insurance Company ("National Specialty") in accordance with Oklahoma Law, including but not limited to 47 O.S. section 230.30, and Oklahoma Case Law interpreting such statute where, by law, the insurer is jointly liable with Defendant BTR Freight, Inc.

10.    The Defendant tractor driver is required to drive in a careful and non-reckless manner with due regard for the safety of others, to protect everyone on the road from injury. See e.g., 47 O.S. §11-901(A) and 11-801; 49 C.F.R. §383.3(a)(note 49 C.F.R. §383.5 defines an "employee" to include all commercial motor vehicle drivers including employees, casual or intermittent drivers, leased drivers, and independent contractors); 49 C.F.R. §383.111(A)(1), (7), (9), (10), (13), (14); 49 C.F.R. §390.3(a)-(b), (e)(note that 49 C.F.R. §390.5 defines an "employer" to include any person engaged in a business affecting interstate commerce who owns, leases, operates, or assigns a person to drive a commercial motor vehicle); 49 C.F.R. §390.11(note that 49 C.F.R. §390.5 defines a "motor carrier" to include the carrier's agents, officers, and representatives, as well as the employees responsible for hiring, supervising, training, assigning, and dispatching drivers); 49 C.F.R. §390.13; 49 C.F.R. §392.2 (note 49 C.F.R. §392.1 requires every motor carrier, as well as its agents, representatives, and employees responsible for hiring, supervising, training, assigning, dispatching, or operating a commercial motor vehicle to comply with Part 392).

2

11.    The Defendant tractor driver must devote their full time and attention to their driving to prevent collisions and protect everyone on the road from serious injuries. See e.g., 47 O.S. §11-801(A) and 11-901b; 49 C.F.R. §383.3(a)(note 49 C.F.R. §383.5 defines an "employee" to include all commercial motor vehicle drivers including employees, casual or intermittent drivers, leased drivers, and independent contractors); 49 C.F.R. §383.111(A)(1), (7), (9), (10), (13), (14); 49 C.F.R. §390.3(a)-(b), (e)(note that 49 C.F.R. §390.5 defines an employer to include any person engaged in a business affecting interstate commerce who owns, leases, operates, or assigns a person to drive a commercial motor vehicle); 49 C.F.R. §390.11(note that 49 C.F.R. §390.5 defines a "motor carrier" to include the carrier's agents, officers, and representatives, as well as the employees responsible for hiring, supervising, training, assigning, and dispatching drivers); 49 C.F.R. §390.13; 49 C.F.R. §392.2 (note 49 C.F.R. §392.1 requires every motor carrier, as well as its agents, representatives, and employees responsible for hiring, supervising, training, assigning, dispatching, or operating a commercial motor vehicle to comply with Part 392).

12.    Every motor carrier; every agent, representative, or employee of a motor carrier (which includes a broker) responsible for hiring, training, supervising, assigning, or operation of a commercial motor vehicle; and every commercial motor vehicle driver, must comply with the laws of the state in which the commercial motor vehicle is being operated, industry standards, and the Federal Motor Carrier Safety Regulations, to protect everyone on the road from serious injury and death. See e.g., 49 C.F.R. §383.3(a)(note 49 C.F.R. §383.5 defines an "employee" to include all commercial motor vehicle drivers including employees, casual or intermittent drivers, leased drivers, and independent contractors); 49 C.F.R. §383.111(A)(1), (7), (9), (10), (13), (14); 49 C.F.R. §390.3(a)-(b), (e)(note that 49 C.F.R. §390.5 defines an employer to include any person engaged in a business affecting interstate commerce who owns, operates, leases, or assigns a

3

person to drivers a commercial motor vehicle); 49 C.F.R. §390.11(note that 49 C.F.R. §390.5 defines a "motor carrier" to include the carrier's agents, officers, and representatives, as well as the employees responsible for hiring, supervising, training, assigning, and dispatching drivers); 49 C.F.R. §390.13; 49 C.F.R. §392.2 (note 49 C.F.R. §392.1 requires every motor carrier, as well as its agents, representatives, and employees responsible for hiring, supervising, training, assigning, dispatching, or operating a commercial motor vehicle to comply with Part 392); 49 C.F.R. §395.1 et seq.

## Facts

13. On May 12, 2023, Plaintiff, William S. Smith ("Smith"), was traveling northbound on U.S. Highway 69.

14. On May 12, 2023, Defendant, Alan Kosinski, was driving a Freightliner Truck semi-tractor with a VIN number of 1FUGGLDR6BLBD0667 and pulling a trailer.

15. On May 12, 2023 just before the collision, Defendant Kosinski was traveling southbound on U.S. Highway 69, and attempted to turn east onto Old Caddo Highway.

16. Defendant Kosinski failed to yield the right-of-way to Plaintiff Smith.

17. Plaintiff Smith subsequently collided with Defendant Kosinski's vehicle.

## NEGLIGENCE OF DEFENDANT ALAN KOSINSKI AND DEFENDANT BTR FREIGHT, INC.

18. Defendant Kosinski failed to devote his full time and attention to his driving, which was a direct cause of the collision.

19. Defendant Kosinski failed to keep a proper lookout when he attempted an improper left turn.

20. Defendant Kosinski failed to drive safely when he caused the collision with Plaintiff's vehicle.

21.     Defendant Kosinski failed to drive his vehicle in a manner that was reasonable and proper for the weather and road conditions.

22.     The vehicle being driven by Defendant, Kosinski, was a company vehicle owned and/or leased by Defendant BTR Freight, Inc.

23.     Defendant Kosinski was an employee of Defendant BTR at the time of the collision.

24.     Defendant BTR was Defendant Kosinski's employer at the time of the collision.

25.     Defendant Kosinski was in the course and scope of his employment with, and for, Defendant BTR while driving at the time of the collision.

26.     Defendant Kosinski violated safe driving practices as per industry standards, safety rules, Commercial Driver's Manual, Oklahoma Rules of the Road statutes, and Federal Motor Carrier Safety Regulations, as noted above, and likely others yet to be identified.

27.     Defendant BTR is vicariously responsible for the driving actions of Defendant Kosinski under respondeat superior liability.

28.     Defendant Kosinski was negligent in colliding with the vehicle Plaintiff William Smith was driving.

29.     Defendant Kosinski drove his vehicle in a careless manner which caused the collision with the vehicle Plaintiff William Smith was driving.

30.     Defendant Kosinski drove his vehicle in a reckless manner which caused a collision with the vehicle Plaintiff William Smith was driving.

31.     Defendant Kosinski violated the following Oklahoma State Statutes: 47 O.S. §11-901; 11-901b, 11-801; as well as others not yet identified.

32.     Defendant BTR was negligent in its training and supervision of Defendant Kosinski.

5

33.     Defendant BTR negligently entrusted the vehicle driven by Defendant Kosinski due in part to its apparent failure to adequately train Defendant Kosinski on safe driving practices including but not limited to properly yielding the right-of-way to oncoming traffic when making a left turn.

34.     As a result of the negligence and reckless disregard for safety by Defendants Kosinski and BTR, Plaintiff has sustained damages in excess of $75,000.00.

35.     As a result of Defendants' conduct, Plaintiff William Smith suffered damages as follows:

    a.  Medical expenses incurred; past and future;

    b.  Physical pain and suffering, past and future;

    c.  Mental pain and suffering, past and future, associated with and due to the physical injuries received in the collision;

    d.  Lost wages;

    e.  Loss of future earning capacity;

    f.  Punitive damages; and

    g.  Other damages to be set forth in discovery.

WHEREFORE, Plaintiffs demand judgment against Defendants Alan Kosinski and BTR Freight, Inc. for actual and punitive damages, and judgment against Defendant National Specialty Insurance Company for actual damages in an amount in excess of the amount required for diversity jurisdiction pursuant to 28 U.S.C. § 1332, plus costs, interest, and such other and further relief as the Court shall deem proper.

ATTORNEY'S LIEN CLAIMED

Respectfully submitted,

CARR & CARR INJURY ATTORNEYS

A. Seth Skillman, OK Bar # 21255
1350 SW 89th Street
Oklahoma City, OK 73159
Telephone: (405) 234-2137
Fax: (405) 234-2199
skillman@carrcarr.com
**ATTORNEY FOR PLAINTIFF**

7