**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| WILLIAM S. SMITH, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 25-cv-446-GLJ** |
| | ) | |
| ALAN KOSINSKI, BTR | ) | |
| FREIGHT, INC., and NATIONAL | ) | |
| SPECIALITY INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>ORDER</u>

This matter comes before the Court on Defendant National Specialty Insurance Company's motion for judgment on the pleadings. *See* Docket No. 10. Plaintiff originally filed his action in Atoka County District Court, Oklahoma, and National subsequently removed the action to this Court. *See* Docket No. 2-1. For the reasons set forth below, Defendant National Specialty Insurance Company's Motion for Judgment on the Pleadings and Brief in Support [Docket No. 10] is DENIED.

### Procedural History

On May 6, 2025, Plaintiff filed his lawsuit in Atoka County District Court, Oklahoma, against Alan Kosinski, BTR Freight, Inc. and National Specialty Insurance Company related to an accident between semi-trucks that occurred in Atoka County. *See* Docket No. 2, Ex. 1. After National was served through the Oklahoma Insurance Commission on November 17, 2025, it removed the action to this Court. *Id.* At the time

1

of removal neither Mr. Kosinski nor BTR had been served. *Id*. After removal, National filed its answer and its Motion for Judgment on the Pleadings. *See* Docket Nos. 8 & 10. After Plaintiff received an extension of time to effect serve, BTR and Mr. Kosinski were served on April 7 and April 15, 2025, respectively. *See* Docket Nos. 18, 30 & 31.

Plaintiff's claims arise out of an accident between his semi-truck and a semi-truck operated by Mr. Kosinski, who was employed by BTR. *See* Docket No. 2, Ex. 1. Plaintiff alleges Mr. Kosinski was operating his semi-truck negligently and that BTR is vicariously liable for Mr. Kosinski's negligence as well as for negligently hiring, training and supervising him. *Id*. Plaintiff asserts a direct action against National as BTR's motor carrier's liability insurer "in accordance with Oklahoma Law, including but not limited to 47 O.S. section 230.30, and Oklahoma Case Law interpreting such statute where, by law, the insurer is jointly liable with Defendant BTR Freight, Inc." *Id*., Ex. 1 at ¶ 9. National moves for judgement on the pleadings because it argues Plaintiff does not assert a plausible claim for a direct action against it. *See* Docket No. 10.

## Analysis

### I.    Legal Standard

Rule 12(c) provides, "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The pleadings are not closed until all defendants have answered. *See, e.g.*, *Santa Fe All. for Pub. Health and Safety v. City of Santa Fe, N.M.*, 993 F.3d 802, 809 n.3 (10th Cir. 2021) (discussing that a Rule 12(c) motion would have been premature where the pleadings were not closed because, although one defendant had filed an answer, two defendants had filed

Rule 12(b) motions and had not filed answers (citing Fed. R. Civ. P. 12(c)); *Gorenc v. Klaassen*, 2019 WL 2523566, at *2 (D. Kan. Jun. 19, 2019) (collecting authorities standing for the proposition that the pleadings are not "closed" until all defendants file an answer)).

"A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6)." *Cummings v. Dean*, 913 F.3d 1227, 1238 (10th Cir. 2019) (quoting *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000)).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Emps.' Ret. Sys. of R.I. v. Williams Cos., Inc.*, 889 F.3d 1153, 1161 (10th Cir. 2018) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Detailed factual allegations are not required, but the claim must be "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement. . . . To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 555-57, 570) (internal quotations marks omitted).

3

"While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. at 679.

When reviewing a motion to dismiss under Rule 12(b)(6), the Court "'must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed.'" *Commonwealth Prop. Advocs., LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1201-02 (10th Cir. 2011) (quoting *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007)). "While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in [his] complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012).

## II.     Timing of National's Motion

In the present case, the pleadings were not closed at the time National filed its Motion because the other two Defendants had not been served or filed answers. Nonetheless, subsequent to National's Motion, both defendants were served and have now answered. Nothing in either Defendants' answer addresses or alters the issues raised in National's Motion. Therefore, the Court will not consider National's Motion premature and will address its merits.

## III.     Direct Action Against National

National argues it is entitled to judgement on the pleadings because Plaintiff fails to assert a plausible claim against it for a direct action. *See* Docket No. 10, p. 3. In response,

Plaintiff argues it adequately pled the elements required under 47 Okla. St. § 230.30. *See* Docket No. 11, p. 3.

Both National and Plaintiff argue that 47 Okla. St. § 230.30 provides for a direct right of action against insurers of motor carriers under certain circumstances. "[T]o state a claim against an insurer under § 230.30, a plaintiff need only allege that: (1) he suffered injury; (2) the injury occurred by operation of a motor carrier; and (3) the motor carrier was required to be and was in fact insured pursuant to § 230.30." *Weekly v. Bennet Motor Exp., LLC*, 858 F.Supp.2d 1257, 1260 (N.D. Okla. 2012) (quoting *Mize v. Liberty Mutual Ins. Co.*, 393 F.Supp.2d 1223, 1226 (W.D. Okla. 2005)). Moreover, the scope of § 230.30 is limited to carriers that hold Oklahoma licenses and file the required insurance polies with the Oklahoma Corporation Commission. 47 Okla. St. § 230.30(A). Thus, the motor carrier's insurer is directly liable to the injured party "by reason of the statute," and not by reason of its insurance policy or bond. *Id.* at 1261 (quoting *Daigle v. Hamilton*, 782 P.2d 1379, 1381 (Okla. 1989)).

Plaintiff argues it alleges sufficient facts to plausibly state a claim. Specifically, Plaintiff alleges that he suffered an injury, the injury occurred by the operation of a motor carrier, and "in accordance with Oklahoma Law, including but not limited to 47 O.S. section 230.30, and Oklahoma Case Law interpreting such statute where, by law, the insurer is jointly liable with Defendant BTR Freight, Inc." *See* Docket No. 2, Ex. 1 at ¶¶ 4-5, 9, 13-17, & 34-35. National argues Plaintiff fails to plead a plausible claim because BTR is a nationally registered motor carrier with the United States Department of Transportation and its principal place of business is in Skokie, Illinois. *See* Docket No. 10,

p. 4.  Thus, BTR is not a motor carrier under the scope of 47 Okla. St. § 230.30 and, relying on *Weekly*, it should be dismissed.  *Id*.

In *Weekly*, however, the court considered the insurer's motion to be a motion for summary judgement and considered facts that were not in the complaint that demonstrated the motor carrier did not fall under§ 230.30  because it had not filed a copy of its insurance policy with the Oklahoma Corporation Commission.  *See Weekly*, 858 F.Supp.2d 1259-60.  In its Motion, National asserts facts that are not in the Plaintiff's Complaint regarding BTR's status as operating under federal authority and that it is not licensed in Oklahoma.  *See* Docket No. 10, p. 4.  Unlike in *Weekly*, however, here National does not support its factual assertion with any evidence.  *Id*.  In considering a motion to dismiss under Rule 12(b)(6), the Court's review of the parties' arguments is limited to the facts alleged in the complaint, and the Court may not consider evidence "outside the four corners of the complaint" when reviewing a motion to dismiss under Rule 12(b)(6).  *Goodwill Industries of Central Oklahoma, Inc. v. Philadelphia Indemnity Insurance Company*, 21 F.4th 704, 713 (10th Cir. 2021).  Moreover, even if the Court were to convert the Motion to a motion for summary judgment, National merely asserts these new facts in its Motion without any supporting evidence as required under Fed. R. Civ. P. 56.  Indeed, even if considered, these new facts fail to establish that it is undisputed that BTR did not comply with 47 Okla. St. § 230.30.  Thus, although Plaintiff's allegations are somewhat bare bones with respect to a direct action against National, Plaintiff alleges National is jointly liable with BTR under § 230.30.   Accepting Plaintiff's allegations as true, as the Court must at this stage of the

litigation, Plaintiff just barely alleges sufficient facts to draw a reasonable inference to create a plausible claim against National.

## CONCLUSION

Accordingly, for the reasons set forth herein, Defendant National Specialty Insurance Company's Motion for Judgment on the Pleadings and Brief in Support [Docket No. 10] is DENIED.

**DATED** this 29th day of June, 2026.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**